# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: THG HOLDINGS LLC, et al., | : |
| Debtors. | : |
| _____ | : |
| ALEX M. AZAR II, in his official capacity as Secretary, United States Department of Health and Human Services; and SEEMA VERMA, in her official capacity as Administrator, Center for Medicare and Medicaid Services, | : |
| Appellants, | : |
| v. | : C. A. No. 19-1714-RGA |
| | : Bankruptcy Case No. 19-11689-JTD |
| TRUE HEALTH DIAGNOSTICS, LLC, | : Bankruptcy Adv. No. 19-50280-JTD |
| | : Bankruptcy BAP No. 19-52 |
| Appellee. | : |

## **RECOMMENDATION**

At Wilmington this **3rd** day of **October, 2019**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process. Based upon the parties' submission, this matter is not the type

of dispute that may be comprised.

The parties are unable to agree on a briefing schedule for the appeal. The Appellee has indicated that it will file a motion to dismiss Appellant's appeal of an interlocutory order on September 30, 2019. Because of this motion to dismiss, the parties have been unable to agree to a briefing schedule on appeal.

Appellee proposes that the time for filing appeal briefs set forth in Federal Rule of Bankruptcy Procedure 8018(a), which establishes the standard briefing schedule for a bankruptcy appeal, commence upon resolution of the motion to dismiss.

Appellants argue that the motion to dismiss need not be decided prior to briefing on the merits of appeal. They note that it is common practice for a motion to dismiss under Rule 12 of the Fed. R. Civ. P. to address subject matter jurisdiction arguments under Rule 12(b)(1) at the same time as a claim's facial validity under Rule 12(b)(6), thus briefing could proceed simultaneously on the Court's subject matter jurisdiction over the appeal and the appeal's merits. Appellants seek the following briefing schedule:

| | |
|---|---|
| Appellants' Opening Brief | October 15, 2019 |
| Appellees' Response Brief | November 14, 2019 |
| Appellants' Reply Brief | November 25, 2019 |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Since this Recommendation is consistent with the parties' request, no objections pursuant to

28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1 are anticipated.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge