IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 19-11689 (JTD) |
| THG HOLDINGS LLC, *et al.*, | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| | : | |
| ALEX M. AZAR II, in his official capacity as Secretary, United States of Department of Health and Human Services; and Seema Verna, in her official capacity as Administrator, Centers for Medicare and Medicaid Services, | : | Adv. No. 19-50280 (JTD) |
| | : | |
| Appellants-Defendants, | : | Civ. No. 19-1714 (RGA) |
| v. | : | |
| | : | |
| TRUE HEALTH DIAGNOSTICS, LLC, | : | |
| | : | |
| Appellee-Plaintiff. | : | |

## **MEMORANDUM**

Joseph H. Hunt, Assistant Attorney General, David C. Weiss, United States Attorney, Ellen W. Slights, Assistant United States Attorney, Wilmington, Delaware; Ruth A. Harvey, Lloyd H. Randolph, John J. Siemietkowski, United States Department of Justice, Washington, D.C., attorneys for the Appellants-Defendants.

Derek C. Abbott, Daniel B. Butz, Morris Nichols Arsht & Tunnell LLP, Wilmington, Delaware; Eric E. Walker, Brian A. Audette, David J. Gold, Perkins Coie LLP, Chicago, Illinois, attorneys for Appellee-Plaintiff.

March 27, 2020

**ANDREWS, UNITED STATES DISTRICT JUDGE:**

This matter arises from an appeal filed by the United States, on behalf of Alex M. Azar, II, Secretary of HHS, and Seema Verma, Administrator for the Centers for Medicare and Medicaid Services ("CMS," and together with HHS, the "Defendants"). Defendants have appealed the Bankruptcy Court's August 29, 2019 Order Enforcing the Automatic Stay (Adv. D.I. 28)[1] ("Order") and accompanying Memorandum Opinion (Adv. D.I. 27), *True Health Diagnostics, LLC v. Azar (In re THG Holdings LLC)*, 604 B.R. 154 (Bankr. D. Del. 2019). The Order granted a motion filed by debtor True Health seeking to enforce the Bankruptcy Code's automatic stay in connection with CMS's withholding of Medicare payments for post-petition services rendered by True Health. Pending before the Court is True Health's Motion to Dismiss the Appeal. (D.I. 16). Defendants argue that the Order is interlocutory, Defendants failed to seek leave to file the appeal pursuant to Federal Rule of Bankruptcy Procedure 8004(a), and the issues raised do not otherwise meet the criteria warranting interlocutory appeal. For the reasons set forth below, the Court will (i) grant Defendants' Motion for Leave to File Surreply (D.I. 33) and (ii) grant True Health's Motion to Dismiss.

**I. BACKGROUND**

**A. The Chapter 11 Cases and Order Enforcing the Automatic Stay**

On May 30, 2017, True Health received a Notice of Suspension of Medicare Payments dated May 26, 2017 (the "2017 Suspension Notice") from CMS. (Adv. D.I. 1). The 2017 Suspension Notice informed True Health that CMS had suspended 100% of Medicare payments

---

[1] The docket of the adversary proceeding, captioned *True Health Diagnostics, LLC v. Azar,* Adv. No. 19-5028 (JTD) (Bankr. D. Del.), is cited herein as "Adv. D.I. __," and the docket of the Chapter 11 cases, captioned *In re THG Holdings, LLC*, No. 19-11689 (JTD) (Bankr. D. Del.), is cited herein as "B.D.I. __."

2

to True Health as of May 25, 2017 pursuant to 42 C.F.R. § 405.371(a)(2) on the basis of "credible allegations of fraud," which the letter explains can come from "any source" including "fraud hotline complaints." The 2017 Suspension Notice cited eight specific claims submitted over a one-year period that did not comply with Medicare guidelines. The eight claims represent 0.008% of all claims submitted by True Health to Medicare during the relevant time period. On June 13, 2019, True Health received a second suspension notice (the "2019 Suspension Notice") from CMS imposing another 100% payment suspension of Medicare payments to True Health. This second suspension was based upon five of the same claims – all with 2017 service dates – that were reviewed as part of the original 2017 suspension and investigation. *Id.*

Soon after, on July 30, 2019 (the "Petition Date"), True Health and certain of its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. (*See* B.D.I. 1). The same day, True Health filed a complaint against Defendants, initiating an adversary proceeding which asserted that CMS was violating § 362(a) of the Bankruptcy Code by continuing to withhold payments for services rendered by True Health post-petition. True Health simultaneously filed a motion for preliminary injunction seeking to enforce the automatic stay and enjoin Defendants from withholding Medicare payments owed to True Health in bankruptcy. (*See* Adv. D.I. 1, 3, 4).

The parties fully briefed the preliminary injunction motion, and on August 22, 2019, the Bankruptcy Court held a hearing. (B.D.I. 4, 11, 13, 21, 22). On August 29, 2019, the Bankruptcy Court issued its Memorandum Opinion and entered the Order enforcing the automatic stay and ordering the Defendants to release all Medicare payments withheld post-petition and continue to make payments. (Adv. D.I. 27, 28). The Bankruptcy Court held, among other things, that it had jurisdiction under the Third Circuit's decision in *University Medical*

3

*Center v. Sullivan (In re University Medical Center)*, 973 F.2d 1065 (3d Cir. 1992) to enjoin CMS from withholding Medicare payments from True Health in bankruptcy, finding that "[t]he Third Circuit addressed this very issue extensively in *University Medical Center*, where it stated, in agreement with the Ninth Circuit, that 'where there is an independent basis for bankruptcy court jurisdiction, exhaustion of administrative remedies pursuant to other jurisdictional statutes is not required.'" 604 B.R.at 159. The Bankruptcy Court held that True Health's right to receive Medicare payments is property of its bankruptcy estate under 11 U.S.C. § 541(a), and CMS's withholding of such payments after True Health's bankruptcy filing was a violation of the automatic stay under 11 U.S.C. § 362(a). *Id.* at 160-61. The Bankruptcy Court rejected Defendants' contention that withholding Medicare payments to True Health fit within the police power exception to the automatic stay under 11 U.S.C. § 362(b)(4). *See id.* at 161. Accordingly, the Bankruptcy Court entered its Order, which, among other things, required Defendants to continue making Medicare payments owed to True Health on or after the Petition Date and required Defendants to deliver all Medicare payments withheld on or after the Petition Date to True Health within five business days. (*See* Adv. D.I. 28). The Order expires on the earlier of (a) entry of a final judgment in the adversary proceeding, or (b) an order terminating the relief granted under the Order. *See id.*

On September 9, 2019, Defendants filed a motion to stay the Order pending appeal. (Adv. D.I. 33). On September 25, 2019, after full briefing and argument, the Bankruptcy Court denied the motion to stay pending appeal. (Adv. D.I. 57).

**B.     Status of the Chapter 11 Cases and the Adversary Proceeding**

On September 20, 2019, the Bankruptcy Court entered an order approving the sale of certain of Debtors' operating assets as a going concern, which sale closed on October 1, 2019.

4

(B.D.I. 271). On October 30, 2019, the Bankruptcy Court entered an order approving the auction sale of most of Debtors' remaining physical assets, which sale was completed by late November 2019. (B.D.I. 432). Debtors have since discontinued providing laboratory testing services to Medicare beneficiaries and submitting claims to CMS for Medicare reimbursements. According to the Debtors, CMS has now paid virtually all claims as required under the Order. (Adv. D.I. 75 at 4). On November 26, 2019, the Bankruptcy Court entered an order confirming the Debtors' chapter 11 plan (the "Plan"), through which Debtors have transferred their remaining assets to a liquidation trust to be liquidated for the benefit of creditors. (B.D.I. 531). The Plan became effective on December 6, 2019. (B.D.I. 552).

The adversary proceeding remains pending in the Bankruptcy Court. On September 19, 2019, Defendants filed a motion to dismiss the adversary complaint, contending that the Bankruptcy Court lacks jurisdiction and that True Health fails to state a claim upon which relief may be granted. (Adv. D.I. 50). Briefing on Defendants' motion to dismiss is complete. The Bankruptcy Court has determined not to move forward with the adversary proceeding until this Court has determined the status of the appeal. (*See* 10/2/19 Hr'g Tr. at 16:24-17:15 (status conference on adversary proceeding)).

On December 11, 2019, True Health filed a motion to voluntarily dismiss the adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7041. (Adv. D.I. 75). True Health asserts that, following the asset sale, it is no longer performing lab tests or submitting claims to CMS for Medicare reimbursement, and that it has received virtually all Medicare payments owed. While the adversary proceeding "served its purpose by providing the relief necessary to facilitate a successful conclusion to these chapter 11 cases," True Health now seeks to dismiss it, as "the administrative costs of continuing this adversary proceeding outweigh any additional

5

benefits to the debtors' bankruptcy estates or the liquidation trust." Defendants' deadline to respond to True Health's motion to voluntarily dismiss the adversary proceeding was extended by stipulation of the parties through April 1, 2020 (Adv. D.I. 79).

**C.    The Appeal**

On September 12, 2019, Defendants filed a notice of appeal with respect to the Order (the "Appeal"). On September 23, 2019, Defendants filed a motion for stay of the Order pending appeal. (D.I. 9). Following a hearing on October 16, 2019 (D.I. 31), this Court denied the motion for stay. (D.I. 25). This Court agreed that *University Medical Center* is "binding precedent" supporting the Bankruptcy Court's exercise of jurisdiction over True Health's claims to enforce the automatic stay against Defendants. This Court found that, as in *University Medical Center*, the Debtor here is not challenging CMS's prepetition overpayment determination or the propriety of the 2019 fraud suspension. Rather, the Debtor is only seeking to enforce an automatic stay under section 362(a) and the Bankruptcy Court's jurisdiction over such a request exists in controlling Third Circuit law.

On September 30, 2019, True Health filed a motion to dismiss the appeal on the basis that the Order is interlocutory and Defendants failed to seek leave of court as required under Federal Rule of Bankruptcy Procedure 8004(a)(2). (D.I. 16). Defendants contend that the Order is final, and that they therefore were not required to file a motion for leave. Defendants further contend that the appeal meets the requirements for interlocutory appeal set forth in 28 U.S.C. § 1292(b). The motion to dismiss is fully briefed. (D.I. 16, 23, 30, 33, 36). The Court did not hear oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear appeals "with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3). A party attempting to appeal an interlocutory order must file a motion for leave to appeal an interlocutory order. Federal Rule of Bankruptcy Procedure 8004 provides, in pertinent part, that:

> (a) *Notice of Appeal and Motion for Leave to Appeal.* To appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a). The notice must:
>
> (1) be filed within the time allowed by Rule 8002;
>
> (2) be accompanied by a motion for leave to appeal prepared in accordance with subdivision (b); and
>
> (3) unless served electronically using the court's transmission equipment, include proof of service in accordance with Rule 8011(d).

Fed. R. Bankr. P. 8004(a). The parties dispute whether the Order is final or interlocutory.

## III. DISCUSSION

Notwithstanding True Health's pending motion to voluntarily dismiss the adversary proceeding, it is Defendants' position that their appeal is not moot by virtue of any of the circumstances cited by the Debtors. Defendants assert that the Debtors' discontinuation of laboratory testing and submission of claims for payment do not moot the appeal because "CMS has already delivered millions of dollars to [True Health]" pursuant to the Order. (D.I. 23 at 9). "Reversal would mean that the funds paid under the Order should be returned to CMS and that [True Health]'s entitlement to the funds would be determined after a completed investigation and any appropriate administrative proceedings." (*Id.* (citing "42 U.S.C. § 405(h), as made applicable by 42 U.S.C. § 1395ii")).

7

## A. The Order Is Interlocutory

True Health and Defendants each make arguments based on the fact that the Order has the practical effect of injunctive relief.[2] Although True Health filed the adversary proceeding seeking to enforce the automatic stay, it also moved for a preliminary injunction. However, the Bankruptcy Court titled the Order as an "Order Enforcing the Automatic Stay." It found that it was "not necessary for True Health to establish each of the factors necessary to impose a preliminary injunction because the Bankruptcy Code itself establishes the basis for enforcement of the automatic stay." *True Health*, 604 B.R. at 162. The Memorandum Opinion does include a short analysis applying the four-factor test,[3] merely noting, "Even if was necessary to establish the preliminary injunction factors for the automatic stay to apply, True Health met those requirements." *Id.* The Court agrees that, "having concluded that the post-petition Medicare reimbursement payments are property of the estate and that the Defendants have violated the automatic stay," *id.* at 161-62, True Health was not required to establish the preliminary

---

[2] True Health argues that appeals of orders granting or denying a preliminary injunction are interlocutory. (D.I. 16 at 5, citing 28 U.S.C. § 1292(a)(1) ("[T]he courts of appeal shall have jurisdiction of appeals from: (1) interlocutory orders of the district courts of the United States . . . or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . ."); *Iles v. De Jongh*, 638 F.3d 169, 172 n.1 (3d Cir. 2011)). Defendants contend that the Order is final, but even if the Order is interlocutory, Defendants have an immediate right to appeal pursuant to 28 U.S.C. §§ 158(c)(2) and 1292(a) because the Order "provides injunctive relief." (D.I. 23 at 1, 7).

[3] While not required to do so, the Bankruptcy Court evaluated the factors necessary to impose a preliminary injunction and found that True Health satisfied all four elements for a preliminary injunction, including that (1) True Health is likely to succeed in the adversary proceeding, (2) True Health would be irreparably harmed absent an order enforcing the automatic stay because it would be "deprived of a significant portion of its revenues" and "without those payments True Health will be in default of its DIP financing" and forced into a liquidation, (3) the harm to True Health outweighed any harm to Defendants, who "have not shown that they would suffer any harm if the injunction is granted," and (4) the public interest would be served by entering an injunction enforcing the automatic stay because "Congress has established a system under the Bankruptcy Code that favors the ability of companies to restructure rather than liquidate." *True Health*, 604 B.R. at 162-63.

8

injunction factors. The Order enforces the automatic stay, which is "self-effectuating, effective upon the filing of the bankruptcy petition." *Id.* (citing *Gruntz v. County of Los Angeles,* 202 F.3d 1074, 1081-82 (9th Cir. 2000). The Memorandum Opinion does not indicate a ruling in the alternative or grant additional or separate injunctive relief.

Even assuming the Order granted injunctive relief, that alone would not provide a basis for immediate appeal. *See In re Alcor Energy, LLC,* 2019 WL 6716420 (D. Del. Dec. 10, 2019). The plain language of the statute "persuasively suggest[s] that all interlocutory orders, including injunctions, may only be appealed with leave of court." (*Id.* at *4 (quoting *First Owners' Ass'n of Forty Six Hundred v. Gordon Properties, LLC,* 470 B.R. 364, 372 (E.D. Va. 2012)); *see also* 16 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 3926.1 (3d ed. 2017) ("There is no provision for appeal as of right from an injunction order of a bankruptcy judge to the district court.").

Thus, in determining finality, the Court adheres to the pragmatic approach required by the Third Circuit, which supports finding that the Order is not final. The Court's determination that the Order is not final under the pragmatic approach is further supported by cases specifically enforcing the automatic stay.

### 1. Third Circuit's "Pragmatic Approach" Does Not Support Finality

True Health argues that the Order is interlocutory by its own terms because it "enjoined [Defendants] from withholding post-petition Medicare payments owed to True Health pending a final judgment or the entry of an order terminating the Bankruptcy Court Order." (D.I. 16 at 5-6). The Order is set to expire upon the entry of a "final judgment." Notwithstanding the terms of the Order, Defendants contend that the Order is final based upon the "pragmatic approach" articulated by the Third Circuit in *Marvel. See In re Marvel Entm't Grp., Inc.,* 209 B.R. 832, 835

(D. Del. 1997) (*Marvel I*), *aff'd in part and rev'd in part on other grounds,* 140 F.3d. 463 (3d Cir. 1998) (*Marvel II*). Under this approach, in determining whether bankruptcy court orders are final and appealable, courts consider factors such as "'the impact of the order on the assets of the estate, the preclusive effect of a decision on the merits, the need for additional fact-finding on remand, and whether the interests of judicial economy will be furthered.'" *Marvel II*, 140 F.3d. at 470 (quoted citation omitted).

According to Defendants, these factors weigh in favor of finality. Defendants argue that the Order "granted the principal relief sought in the Complaint" by "declaring that CMS violated the stay and enjoining CMS from continuing to withhold payments." (D.I. 23 at 5-6). Defendants further argue that the Order has completed or nearly completed its impact on the estate, as CMS has turned over money to True Health, and True Health has now stopped providing services. (*Id.*) "Other than for damages and fees, additional fact-finding in the case appears unnecessary." (*Id.* at 6). Conversely, True Health argues that *Marvel* is distinguishable from this case

In *Marvel*, the debtors attempted to prevent bondholders from voting pledged shares of the debtor, and the bankruptcy court concluded that the bondholders could not exercise their voting rights without relief from the automatic stay. 209 B.R. at 835. The bondholders appealed, but also moved for stay relief in the bankruptcy court. *See id.* at 836. On appeal, the district court concluded, among other things, that the bankruptcy court's order should be construed as final and immediately appealable. *See id.* The district court reasoned that, if it did not hear the appeal on the discrete legal issue, the bankruptcy court would need to conduct a hearing on the bondholders' request for stay relief based upon the same record already before the district court. *See id.* The court found that it made more sense to hear the appeal and save

10

judicial time and resources than to have the bankruptcy court conduct a hearing regarding an issue that the district court could fully resolve on appeal. *See id.*

The Court agrees with True Health that the facts of this case are distinguishable. Here, the adversary proceeding in which the Order was entered remains pending, and True Health's complaint has yet to be fully and finally adjudicated. At least one of the issues presented on appeal – whether Defendants' actions fit within the narrow police power exception to the automatic stay under 11 U.S.C. § 362(b)(4) – requires a fully-developed factual record regarding the purpose of Defendants' withholding of Medicare payments from True Health in bankruptcy. Defendants concede that it is their burden to demonstrate that the exception applies, and they also acknowledge that, based upon their agreement, the Bankruptcy Court did not hold an evidentiary hearing to establish the factual basis for their argument. It would be premature for the Court to accept an appeal of that issue before the Bankruptcy Court has had the opportunity to fully develop the factual record on whether Defendants can show that their withholding of Medicare payments is for the purpose of preventing fraud as opposed to protecting their pecuniary interests as a large unsecured creditor in this bankruptcy case. It is far more practical for this Court to permit the Bankruptcy Court to conclude the adversary proceeding after developing a more fulsome record before considering any appeal. *See Gillette v. Prosper*, 858 F.3d 833, 838 (3d Cir. 2017). The *Marvel* factors do not weigh in favor of finality here.

### 2. Case Law Supports that the Order Is Interlocutory

Defendants argue that whether the Order is a final order depends on "the issue of the stay violation." (D.I. 23 at 4). Defendants then broadly contend that any orders "related to the automatic stay" are immediately appealable. *Id.* However, the cases relied upon by Defendants do not support that overly broad contention. Instead, those cases address the different issue of

whether orders granting or denying relief from the automatic stay are immediately appealable. *See Rajala v. Gardner*, 709 F.3d 1031, 1034 (10th Cir. 2013) ("The grant or denial of relief from an automatic stay is generally an appealable final order."); *U.S. v. Nicolet, Inc.*, 857 F.2d 202, 203 (3d Cir. 1988) ("in bankruptcy cases an order lifting the . . . automatic stay is appealable . . . and a denial of relief from the stay may also be appealable."). Notably, in *Nicolet*, the Third Circuit stated:

> We caution, as we have on other occasions, that even in bankruptcy appeals the concept of finality is not open-ended. Orders that do not fully adjudicate a specific adversary proceeding or that require further factual development are governed by the ordinary finality precepts of routine civil litigation.

*Nicolet*, 857 F.3d at 206-07.

Here, the Bankruptcy Court Order did not fully adjudicate True Health's adversary proceeding. Thus, "the ordinary finality precepts" recognized in *Nicolet* govern this Court's analysis. It is undisputed that the adversary proceeding is still pending and True Health's request for damages has not been adjudicated. Moreover, Defendants never requested relief from the automatic stay and the Bankruptcy Court did not grant or deny relief from the automatic stay. Instead, the Bankruptcy Court found that Defendants' post-petition withholding of Medicare payments violated the automatic stay and, therefore, it ***enforced*** the automatic stay, directed Defendants to release withheld post-petition Medicare payments to True Health, and continue making payments until the earlier of the Court's entry of a final judgment in the adversary proceeding or entry of a further order terminating the relief. (*See* D.I. 16 at 3)

Unlike orders granting or denying relief from the automatic stay, True Health has cited cases considering this specific issue in which courts have found that orders finding violations of the automatic stay are interlocutory. *See Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 350 (5th Cir. 2008) (recognizing that an order granting partial summary judgment finding a

violation of the automatic stay was interlocutory); *In re Lynn-Weaver*, 462 B.R. 310, 312 (Bankr. D. Mass. 2011) (ruling on summary judgment that actions constituting violations of the automatic stay was interlocutory decision). Likewise, orders enforcing the automatic stay are interlocutory. *See David v. Fiddler's Creek, LLC (In re Fiddler's Creek, LLC)*, 2010 WL 5060987, *1 (M.D. Fla. Dec. 6, 2010) (stating that "the circumstances of this particular case do not warrant the certification of an interlocutory appeal of the Bankruptcy Court's order enforcing the automatic stay.").

### B. The Order Does Not Otherwise Satisfy the Criteria of 28 U.S.C. § 1292(b)

Having determined that the Order is interlocutory, the Court turns to a consideration of whether the Court should grant leave to appeal the Order. Pursuant to Federal Rule of Bankruptcy Procedure 8004(d), the Court may construe Defendants' Notice of Appeal as a motion for leave to appeal an interlocutory order. Section 158(a) does not identify the standard district courts should use in deciding whether to grant such an interlocutory appeal. *See id.* "Typically, however, district courts follow the standards set forth under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011).[4]

Under the standards of § 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v.*

---

[4] *See also In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009) ("Based upon the decision of the Third Circuit in *Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1987), courts within this Circuit confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b)").

13

*Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Entertaining review of an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes exceptional circumstances [to] justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). In part, this stems from the fact that "[p]iecemeal litigation is generally disfavored by the Third Circuit." *In re SemCrude, L.P.*, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010) (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)). Further, leave for interlocutory appeal may be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz*, 496 F.2d at 754.

With respect to the first two factors, a controlling question of law is one that (1) "would be reversible error on final appeal," or (2) is "serious to the conduct of the litigation, either practically or legally." *Id.* at 755. "[O]n the practical level, saving of time of the district court and of expense to the litigants [has been] deemed . . . to be a highly relevant factor." *Id.* (internal citation omitted). The "controlling question of law" also must be one as to which there is "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). This calls for more than mere disagreement with the ruling of the bankruptcy court. To satisfy this standard, "the difference of opinion must arise out of genuine doubt as to the correct legal standard." *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998); *see also In re Physiotherapy Holdings, Inc.*, 2017 WL 6524524, at *6 (D. Del. Dec. 21, 2017) (same). Conflicting and contradictory opinions can provide substantial grounds for a difference of opinion. *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994). The absence of controlling law on a particular issue can constitute substantial grounds. *Chase v. Manhattan Bank v. Iridium Africa*

*Corp.,* 324 F. Supp. 2d 540, 545 (D. Del. 2004). This factor is also met when "the bankruptcy court's decision is contrary to well-established law." *Marvel,* 209 B.R. at 837.

Defendants assert that "this appeal tests whether the Order should be reversed because it exceeded the Bankruptcy Court's jurisdiction or misconstrued the scope of the [Bankruptcy] Code's automatic stay or its police and regulatory powers exception." (D.I. 23 at 9). Thus, at least one of the issues presented on appeal – whether Defendants' actions fit within the narrow police and regulatory power exception to the automatic stay under 11 U.S.C. 362(b)(4) – requires a fully-developed factual record regarding the purpose of Defendants' withholding of Medicare payments from True Health. Prior to the hearing on True Health's preliminary injunction motion, the parties agreed that they would not need a full evidentiary hearing. (*See* D.I. 9 at 4). Based on that agreement, Defendants argue that the Bankruptcy Court refused to admit a declaration[5] which would have supported their ongoing fraud allegations. (*Id.*) True Health argues that whether Defendants' actions fit within the police and regulatory power exception is a question of fact that can only be resolved by the Bankruptcy Court after a proper evidentiary record is laid. Defendants concede that additional fact finding is required in order to fully adjudicate the adversary proceeding. (*See* D.I. 23 at 6). *See Katz*, 496 F.2d at 754 (leave for interlocutory appeal may be denied for "entirely unrelated reasons such as ... the desire to have a full record before considering the disputed legal issue."); *Turner v. Frascella Enters. (In re*

---

[5] On July 2, 2019, True Health filed *True Health Diagnostics, LLC v. Alex M. Azar, II,* Civ. Action No. 9:19-CV-00110-MJT, in U.S. District Court for the Eastern District of Texas (the Texas PI Case), seeking to enjoin CMS from implementing the 2019 Fraud Suspension. As part of these proceedings, CMS provided a declaration from a Special Agent of the OIG of HHS, explaining that the government was actively investigating credible allegations against True Health of ongoing fraud. After the court initially granted True Health a TRO on July 8, 2019, the court held an evidentiary hearing on July 17, 2019, and then it denied the preliminary injunction for lack of jurisdiction, lifted the TRO, and dismissed the complaint on July 22, 2019. CMS immediately resumed suspending payment under the 2019 Fraud Suspension.

*Frascella Enters.)*, 388 B.R. 619, 623-24 (Bankr. E.D. Pa. 2008) ("It is without question that issues of fact are not an appropriate basis for an interlocutory appeal.") A fact-intensive inquiry is not appropriate for interlocutory appeal.

Regarding the third factor, whether immediate appeal will materially advance the litigation, the only argument contained in the briefs is True Health's mootness argument. True Health notes that Defendants' motion to dismiss the adversary proceeding, if successful, would render this appeal moot, and that cessation of its business following the sale also would render the appeal moot. Defendants disagree, arguing that the appeal is not moot by virtue of any of these circumstances because CMS has paid the Debtors millions of dollars which could still be returned pending administrative review by the proper agency. The Court agrees that the potential for mootness counsels against a premature appeal of the interlocutory Order. Even assuming that Defendants are correct, and none of these circumstances will render the appeal moot, allowing the Bankruptcy Court to develop a full factual record prior to deciding other legal issues raised on appeal will avoid piecemeal litigation.

Finally, because an interlocutory appeal represents a deviation from the basic judicial policy of deferring review until after the entry of final judgment, the party seeking leave to appeal an interlocutory order must also demonstrate that exceptional circumstances exist. *See In re Advanced Marketing Services, Inc.*, 2008 WL 5680878 (D. Del. Apr. 3, 2008). "Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation." *AE Liquidation*, 451 B.R. at 349 (internal quotation marks omitted). Defendants contend that the Court should grant leave to appeal because of the "exceptional circumstances" presented by this case. (D.I. 23 at 9). Defendants allege that the Bankruptcy Court Order "is forcing CMS to


make Medicare payments on a daily basis, despite ongoing criminal and civil investigations into credible allegations that [True Health] is engaging in Medicare fraud." *Id.* Because it has completed the sale of its business and is no longer operating, True Health contends that "it is impossible for it to be engaging in Medicare fraud as Defendants suggest." (D.I. 30 at 7). Moreover, "any obligation to make 'Medicare payments on a daily basis' will have likely expired by the time the Court decides this appeal." (*Id.*) Thus, True Health argues, there are no exceptional circumstances warranting leave to appeal. It appears that an ongoing harm has stopped, meaning that True Health's argument carries more weight.

The Court does not find any "circumstance or reason that distinguishes this case from the procedural norm and establishes the need for immediate review." *In re Magic Rests., Inc.*, 202 B.R. 24, 26-27 (D. Del. 1996).

## IV. CONCLUSION

For the reasons explained above, the Order is interlocutory, and Defendants have not persuaded the Court to permit immediate appeal pursuant to the factors set forth in § 1292(b). The Court will grant Defendants' Motion for Leave to file a Surreply and will grant True Health's Motion to Dismiss. A separate order shall be entered.

/s/ Richard G. Andrews
United States District Judge